**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(FORT PIERCE DIVISION)**

LECORA JONES, on behalf of herself and all others similarly situated,

Plaintiff,

CASE NO. 2:16-cv-14012-RLR

vs.

SANTANDER CONSUMER USA, INC.,

Defendant.
_______________________________________/

**DEFENDANT SANTANDER CONSUMER USA, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Jay Thornton
jay.thornton@gray-robinson.com
Gray Robinson, P.A.
401 East Las Olas Blvd.
Suite 1000
P.O. Box 2328
Fort Lauderdale, FL 33301
Telephone: 954-761-8111
Facsimile: 954-761-8112

OF COUNSEL:

K. Issac deVyver
kdevyver@reedsmith.com
Nellie E. Hestin
nhestin@reedsmith.com
Reed Smith LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: 412-288-3131
Facsimile: 412-288-3063

*Counsel for Defendant*
*Santander Consumer USA, Inc.*

## TABLE OF CONTENTS

I. Introduction ... 4

II. Summary Of The Allegations ... 6

III. Argument ... 7

A. Pleading Standard For A Motion To Dismiss. ... 7

B. Plaintiff's "Consumer Fraud" Claim Should Be Dismissed Because She Has Failed to Plead the Necessary Elements of a Fraud Claim And Cannot Do So As a Matter of Law. ... 8

1. Based On Plaintiff's Own Allegations That She Never Dealt Directly With SCUSA, She Cannot Establish The Misrepresentation Or Intent Elements Of Her Fraud Claim. ... 9

2. Plaintiff Does Not Allege Actual Reliance On The Purportedly Misleading Vehicle Title. ... 10

3. Plaintiff Does Not Allege Resulting Damage Stemming From SCUSA's, Rather Than The Dealership's, Conduct. ... 11

C. Plaintiff's Theory Of The Case Also Fails To State A Claim For Unjust Enrichment As A Matter Of Law. ... 12

D. Plaintiff's Class Claims Should Be Dismissed Because She Is Not A Member Of The Class She Seeks To Represent. ... 14

IV. Conclusion ... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abercrombie v. Lum's Inc.*,
345 F. Supp. 387 (S.D. Fla. 1972) ....................12

*Adrianne Roggenbuck Trust v. Dev. Resources Group, LLC*,
No. 6:09-cv-2158, 2010 WL 3824215 (M.D. Fla. Sept. 27, 2010)....................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................4

*Betts v. Advance Am.*,
213 F.R.D. 466 (M.D. Fla. 2003)....................6

*Box Office Entertainment, LLC v. Brian D. Gordon, CPA, P.A.*,
No. 05-21010-CIV, 2007 WL 1362898 (S.D. Fla. May 9, 2007)....................8, 9

*Brown v. Chamax, LLC*,
51 So. 3d 552 (Fla. 2d DCA 2010) ....................6, 7

*Byrnes v. Small*,
60 F. Supp. 3d 1289 (M.D. Fla. 2015)....................9

*Century Sr. Servs. v. Consumer Health Ben. Ass'n*,
770 F. Supp. 2d 1261 (S.D. Fla. 2011) ....................10, 11

*Davis v. Coca-Cola Bottling Co. Consol.*,
516 F.3d 955 (11th Cir. 2008) ....................4

*Degirmenci v. Sapphire-Fort Lauderdale, LLLP*,
693 F. Supp. 2d 1325 (S.D. Fla. 2010) ....................6

*Dixon v. Countrywide Home Loans, Inc.*,
710 F. Supp. 2d 1325 (S.D. Fla. 2010) ....................7, 8

*Extraordinary Title Servs., LLC v. Florida Power & Light Co.*,
1 So. 3d 400 (Fla. 3d DCA 2009) ....................10

*Florida Evergreen Foliage v. E.I. Dupont De Nemours & Co.*,
336 F. Supp. 2d 1239 (S.D. Fla. 2004), *aff'd*, 470 F.3d 1036 (11th Cir. 2006)....................8

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982) .......... 12

*Hill v. Nationstar Mortgage LLC*,
No. 15-60106-CIV, 2015 WL 4478061 (S.D. Fla. July 2, 2015) .......... 10, 11

*Infante v. Bank of Am. Corp.*,
680 F. Supp. 2d 1298 (S.D. Fla. 2009), *aff'd*, 468 F. App'x 918 (11th Cir. 2012) .......... 5, 7, 8

*Linville v. Ginn Real Estate Co., LLC*,
697 F. Supp. 2d 1302 (M.D. Fla. 2010) .......... 7

*Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., N.A.*,
667 So. 2d 876 (Fla. 3d DCA 1996) .......... 10, 11

*Pitts Sales, Inc. v. King World Prods., Inc.*,
383 F. Supp. 2d 1354 (S.D. Fla. 2005) .......... 5, 6

*Prado-Steiman ex rel. Prado v. Bush*,
221 F.3d 1266 (11th Cir. 2000) .......... 12

*Reilly v. Amy's Kitchen, Inc.*,
No. 13-21525-CIV, 2014 WL 905441 (S.D. Fla. Mar. 7, 2014) .......... 12

*Salas v. Wellington Equine Assocs.*,
No. 9:14-CV-81483, 2015 WL 1412099 (S.D. Fla. Mar. 26, 2015) .......... 7

*Tambourine Comerico Int'l S.A. v. Solowsky*,
No. 06-20682 CIV, 2007 WL 689466 (S.D. Fla. Mar. 4, 2007) .......... 10

*Washington v. LaSalle Bank Nat. Ass'n*,
817 F. Supp. 2d 1345 (S.D. Fla. 2011) .......... 7

**Rules**

Fed. R. Civ. P. 23(a)(3) .......... 11

Defendant Santander Consumer USA, Inc. ("SCUSA"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves the Court for an Order dismissing Plaintiff's Class Action Complaint in its entirety. The Complaint alleges two causes of action on behalf of a putative class, consumer fraud and unjust enrichment, arising out of SCUSA's purported conduct with respect to a vehicle Plaintiff purchased from a third party. For the reasons set forth below, both of these counts fail to state a claim upon which relief can be granted, and Plaintiff lacks standing to pursue the class relief she seeks. As a result, the Complaint should be dismissed in its entirety, with prejudice.

## I. INTRODUCTION

This action is an ill-founded attempt to pin blame on SCUSA for a vehicle purchase that Plaintiff now regrets. Plaintiff claims she bought a used vehicle from a dealership and later discovered that, unbeknownst to her, the vehicle had previously been in an accident and was deemed a "total loss" by an insurance company. According to Plaintiff, SCUSA had sold the vehicle to the dealership and had failed at that time to rebrand the vehicle with a "salvage" certificate of title as required by Florida law. Based on this purported failing, Plaintiff seeks to hold SCUSA liable for "placing into a stream of commerce" a deceptively-titled vehicle. Plaintiff further claims SCUSA engaged in such conduct as a regular business practice, and she therefore seeks to represent a nationwide class of similarly situated consumers.

As a starting point, Plaintiff's reliance on a Florida title statute is misplaced. Not only does the statute regulate only vehicle owners and insurers – not lenders, like SCUSA – it also provides no private right of action. Perhaps realizing that the statute is nothing more than a red herring, Plaintiff asserts her claims for "consumer fraud" (more accurately, garden-variety fraud) and unjust enrichment, which do not depend on the language of the statute but the well-known

elements of those common law claims. Plaintiff meets another stumbling block here. She does not adequately plead the elements of her claims, nor could she on the facts alleged.

Plaintiff's fraud claim fails on multiple, independent grounds. First, as Plaintiff's allegations demonstrate, SCUSA never made any misrepresentation to Plaintiff and never intended Plaintiff to rely on anything SCUSA said or did. In fact, SCUSA had no contact with Plaintiff whatsoever. SCUSA placed the vehicle at auction, where it was sold as-is to a dealership. Later, the dealership sold the vehicle to Plaintiff. SCUSA and Plaintiff are legal strangers, and the lack of contact between them demonstrates why Plaintiff cannot state a fraud claim against SCUSA. Second, Plaintiff does not allege the reliance component of her fraud claim. She does not allege she viewed the vehicle's title prior to making her purchase, or even that if she had, it would have made any difference in her purchasing decision. Finally, Plaintiff's allegations do not satisfy the proximate causation element necessary to state a claim. Regardless of any alleged conduct of SCUSA, the conduct of the dealership from whom Plaintiff directly purchased the vehicle is the superseding cause of Plaintiff's alleged injury.

Plaintiff's unjust enrichment claim fails for similar reasons: Plaintiff and SCUSA had no contact with one another. Plaintiff did not confer anything – much less an unjust benefit – on SCUSA, and SCUSA did not accept anything from Plaintiff. On these facts, SCUSA could not possibly have been unjustly enriched to Plaintiff's detriment.

Finally, while Plaintiff purports to bring her claims on behalf of a class of similarly situated consumers, Plaintiff's own allegations demonstrate that she is not a member of the purported class. Plaintiff consequently lacks standing to pursue class relief, and her class claims should be dismissed.

For these reasons, which are explained in detail below, Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

## II. SUMMARY OF THE ALLEGATIONS

Plaintiff's allegations revolve around a vehicle she purchased from car dealer Consumers Choice Automotive Group ("Consumers Choice") in Marietta, Georgia, in August 2014. Compl. ¶¶ 17, 20. Plaintiff alleges the vehicle had previously been owned by Michael Yacobellis, who had financed the vehicle through SCUSA. *Id.* ¶ 12. According to Plaintiff, while Yacobellis owned it, the vehicle was in a collision and was declared a "total loss" by Yacobellis's insurer in January 2014. *Id.* ¶ 14. Thereafter, Plaintiff alleges SCUSA "placed the subject vehicle into the stream of commerce" without obtaining a "salvage certificate of title," which Plaintiff claims SCUSA was obligated to do by virtue of Florida Uniform Traffic Control Law, Section 319.30(b). *Id.* ¶¶ 1-2, 17-18.[1] According to the Complaint, SCUSA placed the vehicle at auto auction, from which it was then sold to Consumers Choice. Compl. ¶ 17, Ex. B (AutoCheck report showing vehicle was "reported at auto auction"), Ex. C (CarFax report showing vehicle was "[s]old at auction"). Plaintiff contends that at the time she bought the vehicle from Consumers Choice, she was unaware of the "'salvage' history of the vehicle." *Id.* ¶ 21. Plaintiff does not allege she viewed the vehicle's title prior to purchasing it, or that if she had seen the title, she would have behaved any differently. *See generally id.* In any event, Plaintiff claims that when she went to sell the vehicle in March 2015, she discovered the vehicle had been reported by an insurer as a loss and also realized that the vehicle showed "signs of body work repair and paint overspray." *Id.* ¶¶ 25, 27.

Based on these allegations, Plaintiff brings common law claims against SCUSA for fraud

[1] Plaintiff does not allege how SCUSA came to own the vehicle; she merely alleges SCUSA owned it. *See, e.g.,* Compl. ¶ 19 (referring to SCUSA as "the vehicle owner").

and unjust enrichment. She further seeks to certify a putative nationwide class defined as:

> All consumers who within the four years prior to the filing of this action purchased a vehicle in either Florida, California, Texas, New York, Illinois, or Pennsylvania, which has been deemed a loss by an insurance company when owned by Santander Consumer USA, Inc., and which Santander Consumer USA, Inc., sold without first obtaining salvage certificate of title.

*Id.* ¶ 31.

## III. ARGUMENT

### A. Pleading Standard For A Motion To Dismiss.

A complaint must be dismissed if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 974 (11th Cir. 2008) (noting that factual allegations must raise a right to relief above the speculative level). For a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Accordingly, the relevant question is not whether any facts *could be* invented that would state a claim for relief, but whether sufficient facts *have been pled* in the first instance to support the legal claims asserted. *Iqbal*, 556 U.S. at 678-79 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" and dismissal is required "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct") (citations omitted). Applying this controlling standard to the Complaint, dismissal of all of the claims is warranted.

### B. Plaintiff's "Consumer Fraud" Claim Should Be Dismissed Because She Has Failed to Plead the Necessary Elements of a Fraud Claim And Cannot Do So As a Matter of Law.

In Count I, Plaintiff alleges SCUSA committed "consumer fraud" against her by "placing into a stream of commerce the insurance 'loss' vehicles without obtaining a salvage certificate of title first." Compl. ¶ 53. According to Plaintiff, this conduct "qualifies as unfair or deceptive practices in the conduct of trade or commerce." *Id.* ¶ 57.

As a starting point, Florida does not recognize a tort for "consumer fraud." Rather, Plaintiff's claim must be interpreted as one for ordinary common law fraud. *See, e.g., Adrianne Roggenbuck Trust v. Dev. Resources Group, LLC*, No. 6:09-cv-2158, 2010 WL 3824215, at *2-3 (M.D. Fla. Sept. 27, 2010) (interpreting claim for "Florida Consumer Fraud Violations" as "sound[ing] in fraud" and examining it with reference to the elements of common law fraud). In turn, to establish a claim for fraud, Plaintiff must plead: "(1) a false statement of fact; (2) known by the defendant to be false at the time it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage or injury." *Pitts Sales, Inc. v. King World Prods., Inc.*, 383 F. Supp. 2d 1354, 1362-63 (S.D. Fla. 2005). "A plaintiff's failure to allege a specific element of fraud in a complaint is fatal when challenged by a motion to dismiss." *Infante v. Bank of Am. Corp.*, 680 F. Supp. 2d 1298, 1303 (S.D. Fla. 2009) (citation omitted), *aff'd*, 468 F. App'x 918 (11th Cir. 2012). Plaintiff has not pled each of the necessary elements, nor could she based on her theory of the case. Accordingly, the Court should dismiss Plaintiff's fraud claim with prejudice.

**1. Based On Plaintiff's Own Allegations That She Never Dealt Directly With SCUSA, She Cannot Establish The Misrepresentation Or Intent Elements Of Her Fraud Claim.**

The core of any fraud claim is the fraud itself: a false misrepresentation made to induce the plaintiff to act upon it. *See Pitts Sales*, 383 F. Supp. 2d at 1362-63 (elements (1) and (3) of fraud claim). Plaintiff's Complaint does not – and, based on the facts Plaintiff alleges, could not – pass this initial threshold.

To establish the first element of her claim, Plaintiff must allege SCUSA made some misrepresentation to her. *See, e.g., Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1356 (S.D. Fla. 2010) (dismissing fraud-based claim where plaintiff did not allege any misrepresentations made by defendants to plaintiff); *Betts v. Advance Am.*, 213 F.R.D. 466, 482 (M.D. Fla. 2003) (rejecting fraud claim at summary judgment stage where, "by [plaintiff's] own admission, [defendant] never made any misrepresentations to her"). Likewise, Plaintiff must allege SCUSA "intended that the misrepresentation would induce" Plaintiff to rely on it. *Brown v. Chamax, LLC*, 51 So. 3d 552, 555 (Fla. 2d DCA 2010).

Plaintiff's allegations establish the opposite. The story set forth in the Complaint demonstrates that Plaintiff never had any contact or communication with SCUSA. Based on Plaintiff's Complaint, SCUSA placed the vehicle for sale at auction, and the auction then sold the vehicle to a dealership, Consumers Choice. *See* Compl. ¶ 17 & Exs. B-C. Several weeks later, Plaintiff independently happened to deal with that same dealership. *Id.* ¶ 20. Plaintiff and SCUSA never interacted with one another, and in fact, were separated by two other, intervening entities – the auction and the dealership. Plaintiff ignores the simple fact that because SCUSA had no contact with her, it did not and could not have made any misrepresentations to her. Similarly, Plaintiff cannot establish that SCUSA had any intent to induce Plaintiff to do anything, because, again, SCUSA had no contact with her. To underscore: Until the Complaint

was filed, SCUSA had no reason to know that Plaintiff even existed. Plaintiff's attenuated theory supporting her fraud claim thus does not stand up to scrutiny. *See Brown*, 51 So. 3d at 555 (finding plaintiff could not allege intent element where, at time defendants made representation at issue, they did not and could not have known about the existence of plaintiff and therefore could not have intended plaintiff to rely on such representation).

At bottom, where Plaintiff has not pled these basic elements of her fraud claim, dismissal is appropriate. *See, e.g., Salas v. Wellington Equine Assocs.*, No. 9:14-CV-81483, 2015 WL 1412099, at *4 (S.D. Fla. Mar. 26, 2015) (dismissing fraudulent misrepresentation claim where plaintiff did not allege defendants "made any statements at all") (Rosenberg, J.); *Infante*, 680 F. Supp. 2d at 1303-04 (dismissing fraud claim where plaintiff did not allege an actionable misrepresentation); *Washington v. LaSalle Bank Nat. Ass'n*, 817 F. Supp. 2d 1345, 1349 (S.D. Fla. 2011) (granting dismissal where plaintiff could not "establish the first element" of her fraud-based claim); *Linville v. Ginn Real Estate Co., LLC*, 697 F. Supp. 2d 1302, 1308 (M.D. Fla. 2010) (dismissing fraud-based claim where plaintiff's complaint did not allege "any facts from which the Court can infer" defendant's intent to induce reliance).

**2. Plaintiff Does Not Allege Actual Reliance On The Purportedly Misleading Vehicle Title.**

Just as Plaintiff has not established the misrepresentation or intent elements underlying her claim, she also has not alleged the facts necessary to establish reliance. "[L]ogic dictates that where one is not aware of a misrepresentation, he cannot possibly rely on it." *Infante*, 680 F. Supp. 2d at 1304. Thus, if Plaintiff did not read or even see the document she claims contains the misrepresentation at issue, she could not have relied on it as a matter of law. Courts routinely dismiss fraud cases under such circumstances. *See, e.g., Dixon v. Countrywide Home Loans, Inc.*, 710 F. Supp. 2d 1325, 1332-33 (S.D. Fla. 2010) (dismissing fraud claim with prejudice

where plaintiff's allegations admitted he did not discover the purportedly false statement until after he had already taken action, and collecting cases to same effect); *Infante*, 680 F. Supp. 2d at 1304-05 (observing that fraud claim failed "as a matter of law" where plaintiff alleged he had "neither knowledge or reasonable opportunity to learn of the misrepresentations").

Here, the closest Plaintiff comes to alleging a misrepresentation (albeit not even one made to her) is that SCUSA did not obtain "a salvage certificate of title for the Vehicle which it sold and which had subsequently been purchased by the Plaintiff." Compl. ¶ 55. Plaintiff does not allege she saw the non-salvage title before she purchased the vehicle, or further, that seeing the non-salvage title made a difference in her purchase of the vehicle. Based on well-settled law, if Plaintiff never saw the title, then she cannot allege she relied on whether or not it was branded as "salvage" when she purchased the vehicle. *See Dixon*, 710 F. Supp. 2d at 1332-33; *Infante*, 680 F. Supp. 2d at 1304-05. Accordingly, Plaintiff's fraud claim fails for this reason as well.

**3. Plaintiff Does Not Allege Resulting Damage Stemming From SCUSA's, Rather Than The Dealership's, Conduct.**

The final element of a fraud claim under Florida law, requiring that the plaintiff establish resulting injury, "incorporates, in the context of a fraud claim, the general requirement of proximate cause for any tort claim." *Florida Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 336 F. Supp. 2d 1239, 1284-85 (S.D. Fla. 2004), *aff'd*, 470 F.3d 1036 (11th Cir. 2006); *Box Office Entertainment, LLC v. Brian D. Gordon, CPA, P.A.*, No. 05-21010-CIV, 2007 WL 1362898, at *9 (S.D. Fla. May 9, 2007) ("[P]roximate cause is also an essential component for a fraud claim under Florida law."). In other words, to sustain her claim, Plaintiff must allege SCUSA's conduct in purportedly failing to obtain a salvage title for the vehicle proximately caused her alleged injuries.

Plaintiff cannot show that SCUSA's alleged conduct was the proximate cause of her purported damage. By Plaintiff's own allegations, she purchased the vehicle from a dealership, and the dealership did not disclose to her the vehicle's history. *See* Compl. ¶ 22 (alleging "[t]he contract between Plaintiff and Consumers Choice Automotive Group is void of any indication that the subject vehicle was a 'salvage' by way of its history"). This ends the inquiry. Plainly, SCUSA cannot be held responsible for what Consumers Choice – the party with whom Plaintiff actually dealt – did or did not disclose to Plaintiff regarding the vehicle. This allegation only serves to underscore that the dealership (not to mention the auction) is an independent, intervening cause of any harm Plaintiff suffered, and Plaintiff is targeting the wrong party here. Because Plaintiff cannot plead the proximate causation necessary to support her fraud claim against SCUSA, dismissal is appropriate. *See, e.g., Box Office Entertainment*, 2007 WL 1362898, at *9 (dismissing fraud-based claim where plaintiff "failed to sufficiently plead proximate cause"); *Byrnes v. Small*, 60 F. Supp. 3d 1289, 1298 (M.D. Fla. 2015) (dismissing fraud claim where, among other things, plaintiff did not allege how defendant's conduct "proximately caused" plaintiff's injuries).

In sum, Plaintiff's fraud claim fails on numerous independent and equally-dispositive grounds, any of which provide the Court grounds to dismiss the claim with prejudice.

**C. Plaintiff's Theory Of The Case Also Fails To State A Claim For Unjust Enrichment As A Matter Of Law.**

Plaintiff's story, as alleged in her Complaint, is also incompatible with the contours of an unjust enrichment claim. As Plaintiff's complete lack of contact with SCUSA bars her fraud claim, so, too, it presents an insurmountable barrier to her unjust enrichment claim.

Under Florida law, "[t]he elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred benefit on the defendant, who has knowledge thereof; (2) defendant

voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., N.A.*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996) (citations omitted). To successfully state a claim, a party must "'allege that it had *directly* conferred a benefit on the defendant[].'" *Century Sr. Servs. v. Consumer Health Ben. Ass'n*, 770 F. Supp. 2d 1261, 1267 (S.D. Fla. 2011) (quoting *Peoples Nat'l Bank*, 667 So. 2d at 879) (emphasis in original). Concomitantly, "[a] benefit that a defendant gains that does not come directly from the plaintiff does not give rise to a claim for unjust enrichment." *Id.*; *see also Hill v. Nationstar Mortgage LLC*, No. 15-60106-CIV, 2015 WL 4478061, at *4 (S.D. Fla. July 2, 2015) ("An unjust enrichment requires that the benefit be direct to the litigant.") (citation omitted).

Plaintiff admits that she never paid any money to SCUSA. Rather, Plaintiff interacted exclusively with Consumers Choice, bought the vehicle from Consumers Choice, and paid money to Consumers Choice. Compl. ¶ 20. Independently, and weeks before, Consumers Choice had allegedly bought the vehicle from the auction at which SCUSA had placed it. *Id.* ¶ 17 & Exs. B-C. Plaintiff's theory attempts to import some sort of transitive property on the law of unjust enrichment, whereby if A transacted with B, and B transacted with C, and C transacted with D, then A can maintain a claim against D. Unjust enrichment does not work that way, as well-settled Florida law demonstrates. *See, e.g., Extraordinary Title Servs., LLC v. Florida Power & Light Co.*, 1 So. 3d 400, 404 (Fla. 3d DCA 2009) (affirming dismissal with prejudice of unjust enrichment claim where plaintiff "has absolutely no relationship" with defendant and "has not conferred a direct benefit upon" defendant but instead had contracted with a third party); *Tambourine Comerico Int'l S.A. v. Solowsky*, No. 06-20682 CIV, 2007 WL

689466, at *8 (S.D. Fla. Mar. 4, 2007) (dismissing unjust enrichment claim as a "square peg trying to fit through a round hole" where plaintiffs failed "to ever allege that they conferred a benefit on Defendants (as opposed to [a third party])"). The existence of multiple separate, independent deals does not give Plaintiff the ability to maintain a claim against SCUSA, and in fact, destroys Plaintiff's ability to maintain her claim.

Nor is it consequential that SCUSA may have received a benefit from Consumers Choice or the auction. Such a benefit did not come "directly from" Plaintiff, who purchased the vehicle from Consumers Choice independently of SCUSA's sale, long after SCUSA had sold it. *See Century Sr. Servs.*, 770 F. Supp. 2d at 1267 (dismissing unjust enrichment claim where plaintiff's allegations did not show a benefit conferred directly by plaintiff, only benefits indirectly derived through other third parties); *Hill*, 2015 WL 4478061, at *4 (dismissing unjust enrichment claim where allegations showed that plaintiffs "directly conferred the benefit, if any" on a third party, not on defendant).

In short, under the facts Plaintiff has alleged, Plaintiff did not confer any benefit on SCUSA. By the same token, SCUSA did not accept any benefit from Plaintiff. It is clear on the face of the Complaint that SCUSA was not unjustly enriched to Plaintiff's detriment, and Plaintiff's claim should accordingly be dismissed with prejudice. *See Peoples National Bank*, 667 So. 2d at 879 (affirming dismissal with prejudice of unjust enrichment claim where plaintiff "could not and did not allege that it had directly conferred a benefit on the defendants," because any benefit conferred on defendants was not conferred by plaintiff).

**D. Plaintiff's Class Claims Should Be Dismissed Because She Is Not A Member Of The Class She Seeks To Represent.**

It is well-established law that in order to bring a claim on behalf of a class, the individual representative asserting the claims must be a member of the class. *See* Fed. R. Civ. P. 23(a)(3);

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) ("We have repeatedly held that a class representative must be part of the class[.]") (citation omitted); *Abercrombie v. Lum's Inc.*, 345 F. Supp. 387, 393 (S.D. Fla. 1972) ("Case authorities have consistently held that a plaintiff may not represent a class of which he is not a member."). If the claimant is not a member of the class, then she does not have standing to prosecute claims on behalf of the class. *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) ("Without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class.").

In her Complaint, Plaintiff seeks to bring claims on behalf of a nationwide class of consumers who, *inter alia*, "purchased a vehicle in either Florida, California, Texas, New York, Illinois, or Pennsylvania[.]" Compl. ¶ 31. As alleged in the Complaint, however, Plaintiff did not purchase her vehicle in one of those states; rather, she purchased it in Georgia. *Id.* ¶ 20 & Ex. E. Because Plaintiff purchased her vehicle in Georgia, she is not a member of the putative class and, therefore, does not have standing to bring the class claims. Accordingly, Plaintiff's class claims should be dismissed. *See, e.g., Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2014 WL 905441, at *2 (S.D. Fla. Mar. 7, 2014) (refusing to reconsider dismissal of class claims which named plaintiff did not have standing to pursue).

## IV. CONCLUSION

For all the above reasons, Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

Date: March 4, 2016

Respectfully submitted,

/s/ *Jay Thornton*
Jay Thornton; FBN 323070
jay.thornton@gray-robinson.com
Gray Robinson, P.A.
401 East Las Olas Blvd.
Suite 1000
P.O. Box 2328
Fort Lauderdale, FL 33301
Telephone: 954-761-8111
Facsimile: 954-761-8112

OF COUNSEL:

K. Issac deVyver
kdevyver@reedsmith.com
Nellie E. Hestin
nhestin@reedsmith.com
Reed Smith LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: 412-288-3131
Facsimile: 412-288-3063

*Counsel for Defendant*
*Santander Consumer USA, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record.

/s/ *Jay Thornton*
Jay Thornton; FBN 323070